**Louis R. NAPOLI, Plaintiff–Appellant,**

v.

**FIRST UNUM LIFE INSURANCE
COMPANY, Defendant–
Appellee.**

**Docket No. 03–7092.**

United States Court of Appeals,
Second Circuit.

Oct. 29, 2003.

Evan S. Schwartz (Jeffrey G. Shandel, Michail Z. Hack, of counsel), Quadrino & Schwartz, Garden City, NY, for Appellant.

Louis M. Lagalante, Gallagher, Harnett & Lagalante LLP, New York, NY, for Appellee.

PRESENT: WINTER, CABRANES, Circuit Judges.*

---

* Judge Sack, originally a member of the panel, recused himself prior to oral argument and did not participate in this decision. The appeal is being disposed of by the remaining members of the panel, who are in agreement. *See* 2d Cir. R. 0.14; *Murray v. Nat'l Broad. Co., Inc.,* 35 F.3d 45 (2d Cir.1994).

788

## SUMMARY ORDER

After suffering a heart attack in November 1996 at age 55, plaintiff Louis R. Napoli received monthly disability benefits from First Unum Life Insurance Company, under a long-term disability policy issued to his employer, on the basis that "because of injury or sickness [Napoli] cannot perform each of the material duties of his regular occupation [as a government securities bond broker]," i.e., that Napoli was "disabled" as defined by the First Unum policy and consequently qualified for benefits. Seven months later, however, First Unum determined that Napoli was not "disabled" and terminated his benefits. Napoli appealed the termination of benefits to First Unum's Quality Review Section, which rendered a ruling adverse to Napoli.

In terminating Napoli's benefits, First Unum relied, in part, on the opinion of Dr. Richard W. Nesto, who reviewed Napoli's medical records upon First Unum's request. Dr. Nesto concluded that Napoli "could physically perform sedentary to light occupation," that "it appears reasonable ... for [Napoli] to return to work as a stockbroker on this basis," and that "[a]lthough the relative risk of a 'triggered' cardiac event is higher when exposed to stress, the *absolute* risk of an acute cardiac event in a daily basis is so small it is not quantifiable." Dr. Nesto also concluded that Napoli "should be able to return even to a perceived stressful occupation without restriction on a cardiac basis."

The administrative record also included a contrary opinion by Dr. Aaron Freilich, Napoli's treating cardiologist. While Dr. Freilich "did not necessarily disagree" with Dr. Nesto's assessment, he stated that Napoli "could return to a less stressful occupation but it is [Dr. Freilich's] opinion that he should not return to his prior stress occupation."

After receiving the adverse administrative ruling, Napoli commenced this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, against First Unum on February 23, 1999, and on October 31, 2000, he filed an amended complaint for reasons not germane to this appeal. Napoli sought declaratory judgment that he is disabled within the meaning of the policy, reinstatement of his benefits, payment of all benefits in arrears, and costs and fees applicable under ERISA.

On January 15, 2002, First Unum filed a "Motion for Judgment on the Administrative Record," to which First Unum attached a copy of the administrative record. In opposition to First Unum's motion, Napoli cross-moved for discovery, a jury trial, and supplementation of the record, and, to that end, he proffered several exhibits for admission.

By opinion and order dated January 16, 2003, the District Court, treating First Unum's motion as one for summary judgment, granted summary judgment in favor of First Unum and, other than supplementing the record with an affidavit of Dr. Freilich, denied Napoli's motion. In its review of the evidence, the Court described Napoli's claim as "a close case" but determined that Napoli's heart condition "did not render him permanently disabled to act as a bond broker." The Court thus concluded that First Unum "properly determined that [Napoli] was not permanently disabled."

This timely appeal followed. On appeal, Napoli challenges the District Court's resolution of his claim by summary judgment, contending that there were genuine issues of material fact as to whether Napoli was disabled under the terms of the First Unum policy and that the District Court made impermissible credibility determinations at the summary judgment stage.

Napoli also contends that the District Court: (1) abused its discretion in failing to admit certain evidence proffered by Napoli; and (2) improperly denied Napoli's motion for a trial by jury.

We review the legal conclusions of the District Court *de novo* and, in turn, review the underlying administrative decision *de novo.* See *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 114, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *Masella v. Blue Cross & Blue Shield,* 936 F.2d 98, 102 (2d Cir.1991). But our review of the administrative decision, like that of the District Court, is "limited to the record in front of the claim administrator unless the ... court finds good cause to consider additional evidence." *DeFelice v. American Int'l Life Assur. Co.,* 112 F.3d 61, 67 (2d Cir.1997); *id.* (describing the court's role in reviewing an ERISA claim determination as a "limited *de novo* review").

■ Turning to Napoli's challenge to the District Court's grant of summary judgment in favor of First Unum, we note that, although First Unum styled its motion as one for "Judgment on the Administrative Record," we are bound by the District Court's treatment of that motion as one for summary judgment. Accordingly, we recall the familiar standard governing summary judgment motions: Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

The issue presented by Napoli's suit is the propriety of First Unum's conclusion that Napoli is not "disabled" as defined by the policy. In addressing that issue, the District Court considered the opinions of two doctors–Dr. Freilich and Dr. Nesto– that were documented in the administrative record. Their reports reveal different opinions concerning Napoli's ability to "perform the material duties of his regular occupation." Significantly, Dr. Nesto concluded that Napoli could return to work as a government securities bond broker without endangering his health, and Dr. Freilich concluded that Napoli could not.

In granting summary judgment, the District Court essentially adopted the opinion of Dr. Nesto over that of Dr. Freilich. Although the Court stated that "[t]here is no substantial difference of opinion between Dr. Freilich and Dr. Nesto," the Court could only reach that conclusion by discrediting Dr. Freilich's opinion that Napoli "should not return to his prior stress occupation." Such a credibility determination is appropriate at a trial, but it exceeds the scope of a judge's authority in considering a summary judgment motion. Absent any indication that Dr. Freilich's opinion is unreliable as a matter of law, the differing opinions of the two doctors present a genuine issue as to the material fact of Napoli's medical condition. Accordingly, because genuine issues of material fact exist in this case and its resolution depends, in part, on credibility determinations, the District Court improperly granted summary judgment to First Unum. We thus vacate the District Court's judgment and remand the cause for a trial, in which the trier of fact is free to decide issues of material fact and make credibility determinations under a "limited *de novo* review" of the administrative decision.

While declining to comment on the future resolution of this case, we note that the trier of fact may decline to consider any evidence that has not already been

considered and may ultimately reach the same result as the result of the judgment currently on appeal. Notwithstanding this possibility, remand is necessary because, as noted above, summary judgment is an inappropriate resolution of this case.

As to Napoli's two other grounds for appeal, we find neither to be of merit. "[T]he decision whether to admit additional evidence is one which is discretionary with the district court, but which discretion ought not to be exercised in the absence of good cause." *DeFelice,* 112 F.3d at 66. Having reviewed the evidence at issue and considered the parties' arguments, we hold that the District Court did not abuse its discretion in limiting its review to the administrative record and Dr. Freilich's affidavit. And Napoli's suit is not entitled to a jury trial. *See Sullivan v. LTV Aerospace & Defense Co.,* 82 F.3d 1251, 1258–59 (2d Cir.1996); *DeFelice,* 112 F.3d at 64–65. On remand, the District Court is obligated, as it has already acknowledged, to conduct a nonjury *de novo* review of First Unum's determination.

\* \* \* \* \* \*

We hereby VACATE the judgment of the District Court and REMAND the cause for further proceedings consistent with this order.